IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD WERNER                          :
                                        : CIVIL NO. _____
                                        :
            Plaintiff,                  :
                                        : CIVIL ACTION - LAW
vs.                                     :
                                        :
UNITED STATES OF AMERICA                :
                                        :
            Defendant:                  : (ELECTRONICALLY FILED)


## COMPLAINT

AND NOW comes the Plaintiff, Richard Werner, by and through his

counsel, Dougherty, Leventhal & Price, LLP, to file a Complaint against the

Defendant United States of America as follows:

I.    **JURISDICTION AND VENUE**

1.  This matter involves a claim for personal injuries against the United

States of America pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C.

1

§1346(b).

2.  Jurisdiction is based on 28 U.S.C. §1331 (federal question), 42 U.S.C. §1346 et seq. (FTCA litigation) and 28 U.S.C. §1367 (supplemental jurisdiction).

3.  Venue is proper in this Court because the acts and omissions that form the subject matter of this action occurred in this judicial district (*See* 28 U.S.C. §1391(b)).

II.   **THE PARTIES**

4.  Plaintiff Richard Werner is an adult, competent individual who currently resides at 840 Brook Street, Scranton, Pennsylvania 18505.

5.  Defendant the United States of America is a sovereign nation comprised of 50 states and several territories.

6.  At all times relevant hereto, Defendant owned, operated and had under its control the United States Postal Service.  The injuries which form the basis of this Complaint occurred in the trailer of a truck that was owned by Mr. Werner's employer Nicholas Trucking Company.  On September 24, 2014, Mr. Werner sustained serious and permanent injuries when an employee of the United States Postal Service negligently operated a service vehicle designed to remove wire cages off the back of the truck. The injuries to Mr. Werner occurred as a result of the negligence of this postal service employee.  This incident occurred on property

2

owned by the United States Government and the United States Postal Service at a postal facility located at 2800 Stafford Avenue, Scranton, Lackawanna County, Pennsylvania.

III.   **GENERAL ALLEGATIONS**

7.   Prior to the initiation of this lawsuit, on May 4, 2015, Mr. Werner presented an Administrative Claim for damages against the Defendant as a result of the injuries he suffered as a result of the negligence and carelessness of a postal service employee which incident occurred on September 24, 2014.

8.   On November 30, 2015, Defendant issued a letter denying Mr. Werner's Administrative Claim.

9.   At all times relevant hereto, the postal employee who was attempting to remove wire cages from the trailer owned by Mr. Werner's employer Nicholas Trucking Company, was in the course and scope of his employment with the United States Postal Service.  It is believed and therefore averred that this individual was acting under the direct control and supervision of the United States Postal Service.

10.   At all times relevant hereto, the United States and/or the Postal Service was responsible for the negligent acts and omissions of its agent who negligently permitted heavy wire cages to strike and injure Mr. Werner in his left knee, chest,

3

back and neck thereby resulting in serious and permanent injuries.

11.   At all times relevant hereto, as the owner, operator, and entity in control of the United States Post Office located at 2800 Stafford Avenue, Scranton, Pennsylvania and in its capacity as the employer of the individual who negligently operated a service vehicle thereby causing Mr. Werner's injuries and pursuant to 22 U.S.C.§2702(a) and 28 U.S.C. §1346(b), 28 U.S.C.§2671, 28 U.S.C.§2674 and 28 U.S.C.§2679(a), the Defendant was responsible and liable for the negligence of the employee at the United States Postal Service office at 2800 Stafford Avenue and its agents, ostensible agents, servants, workmen, and/or employees.

12.   On or about September 24, 2014, Mr. Werner was standing inside a parked trailer attached to a truck at the U.S. Post Office located at 2800 Stafford Avenue, Scranton, Pennsylvania.

13.   A post office employee operating a service vehicle, entered into the trailer where Mr. Werner was located without permitting Mr. Werner the opportunity to exit the back of the trailer. The postal office employee attempted to pull three wire cages off the back of the truck.  In doing so, this employee lost control of the wire cages thereby causing them to smash Mr. Werner against the side wall of the trailer directly striking and pinning downing his left knee.  Mr. Werner sustained other injuries to his chest, low back, neck, and upper extremities

4

causing serious and disability injuries. The United States Postal Service employee's negligence and carelessness in failing to properly operate his service vehicle and to ensure that he safely transported the wire cages without permitting them to strike Mr. Werner directly caused serious and permanent injuries to Mr. Werner, thereby rendering Mr. Werner disabled for the foreseeable future.

14.  The United States Postal Service lacked proper policies and procedures to ensure that the postal employee charged with removing the wire cages was properly training and supervised so that he did not cause injury to innocent third parties.

15.  The carelessness and negligence of the United States, the United States Postal Service, individually and by and through its employee, servant, agent, ostensible agent operating the service vehicle that struck Mr. Werner includes the following:

a)   failing to ensure that the trailer where Mr. Werner was located did not have individuals located in it so that these individuals would not be exposed to an unreasonable risk of injury while wire cages were being transported;

b)   failure to operate the service vehicle being utilized to transport the wire cages in a safe manner so that they did not strike Mr. Werner;

c)     failure to possess the degree of care, knowledge and skill ordinarily exercised in transporting wire cages such as the ones which resulted in the serious and permanent injuries to Mr. Werner;

d)     failing to exercise the degree of care, knowledge and skill required under the circumstances;

e)     with respect to the postal service, failing to properly select, training, and supervise its agents, servants, workmen and/or employees to assure that while these wire cages were being transported this task was not done in a fashion which would result in injuries to innocent third parties.

16.  As a direct result of the negligent and careless acts of the United States Government, the Postal Service, individually and by and through its employee, servant, agent, ostensible agent and/or workman, including the individual operating the service vehicle resulting in injury to Mr. Werner, Mr. Werner has suffered serious and permanent injuries which consist of the following:

a)     tear involving the posterior horn of the medial meniscus of the left knee extending through the inferior articular surface;

b)     small knee joint effusion of the left knee;

6

c)      chondromalacia of the left knee involving the patellar cartilage

medially and laterally; and

d)      cervical pain and bilateral upper extremity pain.

17.  As a direct result of the negligent and careless acts of the United States,

the United States Postal Service, individually and by and through its employee,

servant, agent, ostensible agent and/or workman, including the individual who was

operating the service vehicle when he lost control of the wire cages to strike Mr.

Werner, Mr. Werner has suffered a loss of earning and earning capacity which

continues into the future.

18.  As a direct and proximate result of the Defendant's negligence and

carelessness as heretofore outlined, Mr. Werner has incurred medical expenses

which he anticipates will continue into the future as well as a loss of past earnings

and earning capacity.

WHEREFORE, Plaintiff demands judgment against the Defendant in an

amount in excess of $75,000 dollars plus interest and costs.

Respectfully Submitted:

DOUGHERTY, LEVENTHAL & PRICE, L.L.P.

By:    s/Sean P. McDonough_____
       Sean P. McDonough, Esquire
       Attorney for Plaintiff

7

PA ID# 47428
75 Glenmaura National Blvd.
Moosic, PA 18507
Phone (570) 347-1011
Fax (570) 347-7028
smcdonough@dlplaw.com